**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1721**

ALTON ESKRIDGE,

Plaintiff - Appellant,

v.

HICKORY SPRINGS MANUFACTURING COMPANY; CATHERINE FISH; JASON
BORING; NERO MONERO,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Richard L.
Voorhees, District Judge. (5:11-cv-00176-RLV-DSC)

Submitted: September 21, 2012      Decided: September 28, 2012

Before WILKINSON, KING, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Alton Eskridge, Appellant Pro Se. John Andrew Shedden, James
Bernard Spears, Jr., OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
PC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alton Eskridge filed a complaint in the district court alleging that his employer terminated him based on his race and age. The district court granted Defendants' motion to dismiss, finding that Eskridge filed his complaint several days beyond ninety days after his receipt of the right-to-sue notice and, therefore, that the complaint was untimely. Eskridge appeals, asserting that he had been mistaken in his complaint as to the date on which he received the right-to-sue notice.

We review the district court's dismissal de novo. See Kensington Volunteer Fire Dep't v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012) (stating standard of review). Although Eskridge asserted in his complaint that he received the right-to-sue notice on August 28, 2011, the exhibits attached to the complaint establish that the right-to-sue notice was not mailed until August 29, 2011. We conclude this latter date governs. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c) [of the Federal Rules of Civil Procedure], the exhibit prevails."). Moreover, we presume that Eskridge received the right-to-sue notice three days after mailing; that is, on September 1, 2011. See Fed. R. Civ. P. 5(b)(2)(C) & 6(d); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S.

147, 148 n.1 (1984).  Because Eskridge filed his complaint on the eighty-ninth day thereafter, <u>see</u> 42 U.S.C. § 2000e-5(f)(1) (2006); 29 U.S.C. § 626(e) (2006), we conclude that his complaint was timely filed.

Accordingly, we vacate the district court's judgment and remand for further proceedings in the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3